**IN THE COURT OF APPEALS OF IOWA**

No. 25-0737
Filed August 20, 2025

**IN THE INTEREST OF M.A.-L.,**
**Minor Child,**

**K.L., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait, Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Katie E. Johnson of Katie Johnson Law, Council Bluffs, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Maura C. Goaley, Council Bluffs, attorney and guardian ad litem for minor child.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated the parental rights of the mother and father to a child born in 2023. Only the father appeals. He challenges the statutory grounds authorizing termination.[1]

We review orders terminating parental rights de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process to determine if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). However, we do not address any step that is not challenged on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). As the father only challenges the statutory grounds, we limit our review in kind. *See id.*

The juvenile court terminated the father's parental rights on three grounds—those set forth in Iowa Code section 232.116(1)(b), (e), and (h) (2025). When the juvenile court terminates parental rights on multiple statutory grounds, we may affirm based on any ground supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We choose to focus on section 232.116(1)(h), which permits termination upon clear and convincing evidence that: (1) "[t]he child is three years of age or younger"; (2) "[t]he child has been adjudicated a child in need of assistance"; (3) "[t]he child has been removed from the physical custody of the

---

[1] The father makes passing reference to the child's best interests and potential permissive exceptions to termination. But he develops no argument regarding best interests or permissive exceptions for us to review. As we cannot take on an advocacy role and develop these issues for the father, we deem them waived. *See In re N.J.*, No. 24-1679, 2025 WL 548207, at *2 (Iowa Ct. App. Feb. 19, 2025).

child's parents for at least six months of the last twelve months"; and (4) "the child cannot be returned to the custody of the [parent] . . . at the present time."

The father only challenges the fourth element, whether the child could be safely returned to his custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting the statutory phrase "at the present time" to mean at the time of the termination hearing). He contends that safe reunification could have occurred because he has demonstrated appropriate conduct during visits with the child and he has housing. But more is required of him before safe reunification could occur.

This family came to the attention of the Iowa Department of Health and Human Services in February 2024 when it received a hotline tip that the parents were caring for the child while under the influence of unknown substances. The child reportedly fell to the ground while the mother was feeding the child, and neither parent was aware because they had fallen asleep. At that time, the father was observed to have constricted pupils and had difficulty focusing and walking straight. He also could not hold a conversation. The child was removed from the father's custody.

In April, the social worker received a report that the parents appeared under the influence of drugs during a supervised visit that occurred in the parents' home. When the worker investigated, the parents were slurring their words and sleepy as she tried to communicate with them, prompting the worker to modify visitation.

Yet the father only minimally participated in services designed to access and address his illicit substance use and improve his parenting. He consistently failed to attend drug testing, missing thirteen of sixteen drug testing opportunities

over the life of this case.[2]  The father only completed three portions of a six-part "Parenting 101" course and did not complete course homework.  He did not complete updated substance-use and mental-health evaluations as ordered by the juvenile court.  His last contact with the social worker occurred about six months before the termination trial.  The worker explained at the trial that she has no idea "what is going on with him at all" because the father did not communicate with her and had not provided her with his phone number.  The father's attorney informed the juvenile court that he had no communication with the father between August 2024 and the evening before the March 2025 termination trial, despite the attorney's attempts to contact the father through multiple phone numbers and by email.  The father also failed to attend multiple court hearings, including the termination trial.

Given the father's general lack of participation in services to address legitimate concerns about his ability to parent, the State proved by clear and convincing evidence that it was not safe to return custody of the child to the father at the time of the termination hearing.  As a result, the State established a statutory ground for termination under section 232.116(1)(h).  We affirm the juvenile court's decision to terminate the father's parental rights.

**AFFIRMED.**

---

[2] Of the three testing opportunities to which the father availed himself, two tests came back positive for methadone and one test came back negative.